Slip Op. 12-151

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **PAPIERFABRIK AUGUST KOEHLER AG AND KOEHLER AMERICA, INC.**, <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES**, <br><br> Defendant, <br><br> and <br><br> **APPLETON PAPERS INC.**, <br><br> Defendant-Intervenor. | Before: Timothy C. Stanceu, Judge <br><br> Court No. 11-00147 |

## OPINION AND ORDER

[Staying action pending appeal in *Union Steel v. United States*, CAFC Court No. 2012-1248]

Dated: December 10, 2012

*William Silverman* and *Richard P. Ferrin*, Drinker Biddle & Reath LLP, of Washington, D.C., for plaintiffs.

*Joshua E. Kurland*, Trial Attorney, Commercial Litigation Branch, Civil Division, and *Claudia Burke*, Assistant Director, U.S. Department of Justice, of Washington, D.C., for defendant. With them on the briefs were *Stuart F. Delery*, Acting Assistant Attorney General, and *Jeanne E. Davidson*, Director. Of counsel was *Matthew D. Walden*, Office of the Chief Counsel for Import Administration, U.S. Department of Commerce, of Washington, D.C.

*Gilbert B. Kaplan* and *Daniel Schneiderman*, King & Spalding LLP, of Washington, D.C., for defendant-intervenor.

Stanceu, Judge:  Plaintiffs Papierfabrik August Koehler AG and Koehler America, Inc. (collectively "Koehler") contest the final determination ("Final Results") that the International Trade Administration, U.S. Department of Commerce ("Commerce" or the "Department"), issued to conclude the first administrative review of an antidumping duty order on lightweight thermal paper (the "subject merchandise") from Germany, covering entries made during the period November 20, 2008 through October 31, 2009.  *See Lightweight Thermal Paper from Germany: Notice of Final Results of the First Antidumping Duty Administrative Review*, 76 Fed. Reg. 22,078 (Apr. 20, 2011) ("*Final Results*").

Plaintiffs' complaint contains three claims, the third of which challenges the Department's use of the "zeroing" methodology in the first administrative review, whereby Commerce assigned U.S. sales of subject merchandise from Germany made above normal value a dumping margin of zero, instead of a negative margin, in the calculation of the weighted-average dumping margin.[1]  Compl. ¶ 27 (June 3, 2011), ECF No. 6.  In this action, plaintiffs are opposed by defendant United States and defendant-intervenor Appleton Papers Inc.

At oral argument held on October 18, 2012, the court requested that the parties make submissions on the question of whether the court should stay this action pending the final disposition of *Union Steel v. United States,* 36 CIT __, 823 F. Supp. 2d 1346 (2012) ("*Union Steel*").  *Union Steel* involves a challenge to the Department's use of zeroing in an administrative review of an antidumping duty order.  *Union Steel,* 36 CIT __, __, 823 F. Supp. 2d at 1347-48.  An appeal of the judgment entered by the Court of International Trade in that

---

[1] In their first claim, Plaintiffs Papierfabrik August Koehler AG and Koehler America, Inc. (collectively "Koehler") challenge the failure of U.S. Department of Commerce ("Commerce") to disclose certain correspondence between members of Congress and the Secretary of Commerce until the date of the Department's final determination.  Compl. ¶ 23 (June 3, 2011), ECF No. 6.  Plaintiffs' second claim contests the Department's decision not to adjust plaintiffs' home market prices to account for monthly home market rebates.  *Id.* ¶ 25.

action is now pending before the United States Court of Appeals for the Federal Circuit ("Court of Appeals").[2]

Plaintiffs and defendant oppose a stay. Pls.' Br. Regarding Stay Issue (Oct. 26, 2012), ECF No. 67 ("Pls.' Opp'n"); Def.'s Opp'n to Proposed Stay of Proceedings (Oct. 26, 2012), ECF No. 66 ("Def.'s Opp'n"). Plaintiffs, alternatively, support a partial stay, in which litigation of the claim on zeroing would be stayed while the other claims proceed. Pls.' Opp'n 6. Defendant-intervenor supports a stay of the action inclusive of all claims. Def-Intervenor's Br. in Supp. of Staying the Proceeding 1 (Oct. 26, 2012), ECF No. 68.

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The decision when and how to stay a proceeding rests "within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citations omitted). In making this decision, the court must "weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 257. For the reasons discussed below, the court will stay this action.

Plaintiffs' zeroing claim challenges the Department's use of the zeroing methodology to calculate Koehler's weighted-average dumping margin in the first administrative review. Compl. ¶¶ 27-30. Plaintiffs argue that Commerce has interpreted section 771(35) of the Tariff

---

[2] The United States filed a Notice of Appeal of the judgment in *Union Steel* on March 6, 2011. ECF No. 79 (Consol Ct. No. 11-00083). The appeal has been docketed as *Union Steel v. United States*, CAFC Court No. 2012-1248.

Act of 1930 ("Tariff Act"), 19 U.S.C. § 1677(35) (2006)[3] inconsistently by employing zeroing in the review despite having abandoned that methodology in antidumping investigations.[4] *Id.* ¶ 29. Plaintiffs direct their claim to section 771(35)(A) of the Tariff Act, which defines "dumping margin" as the "amount by which the normal value exceeds the export price or the constructed export price of the subject merchandise." 19 U.S.C. § 1677(35). Plaintiffs argue that the Department's inconsistent interpretations render the use of zeroing in the Final Results unlawful. Compl. ¶ 30.

In *Union Steel*, the Court of International Trade affirmed a remand redetermination in which Commerce had explained its rationale for zeroing in administrative reviews. *Union Steel,* 36 CIT __, __, 823 F. Supp. 2d at 1359-60. The issue now on appeal in *Union Steel* is whether the Department's use of zeroing in an administrative review of an antidumping duty order rests upon a lawful statutory interpretation in light of the explanation given by Commerce on remand. Accordingly, the outcome of *Union Steel* likely will affect the court's disposition of plaintiffs' claim challenging the Department's use of zeroing.

Defendant opposes a stay on a number of grounds. Defendant argues, first, that the doctrine of exhaustion of administrative remedies bars plaintiffs' zeroing claim. Def.'s Opp'n 3; Def.'s Mem. in Opp'n to Pls.' Rule 56.2 Mot. for J. upon the Agency R. 34 (Mar. 06, 2012), ECF No. 39 ("Def.'s Resp."). An exhaustion issue arises in this case because plaintiffs failed to raise the issue of zeroing during the administrative review. Def.'s Opp'n 3; Def.'s Resp. 35-36.

In litigation involving challenges to antidumping determinations, the U.S. Court of International Trade "shall, where appropriate, require the exhaustion of administrative

---

[3] Further citations to the Tariff Act of 1930 are to the relevant portions of Title 19 of the U.S. Code, 2006 edition.

remedies." 28 U.S.C. § 2637(d) (2006).  The Department's regulation requires that parties' administrative case briefs raise all issues "that continue in the submitter's view to be relevant to the Secretary's final determination or final results."  19 C.F.R. § 351.309(c)(2) (2008).

Plaintiffs argue, *inter alia*, that exhaustion was not required in this case because zeroing was not a "live" issue during the period for case brief submissions.  Br. in Support of Pls.' Mot. for J. on the Agency R. under Rule 56.2 34 (Nov. 16, 2011), ECF No. 27.  However, plaintiffs concede that they did not raise the issue of zeroing before Commerce during the administrative review and addressed it for the first time in a letter sent to the Department on April 25, 2011, five days after issuance of the Final Results.  Pls.' Opp'n 10-11.  As a result, plaintiffs have failed to exhaust their administrative remedies with respect to their claim challenging zeroing before the court.

In trade cases, the court may exercise discretion with respect to whether to require exhaustion.  *See Corus Staal BV v. United States*, 502 F.3d 1370, 1381 (Fed. Cir. 2007) ("*Corus Staal*").  Moreover, the exhaustion requirement has several recognized exceptions, one of which may apply when a pertinent judicial decision is rendered after the relevant administrative determination.  *See Gerber Food (Yunnan) Co. v. United States*, 33 CIT ___, ___, 601 F. Supp. 2d 1370, 1377 (2009).  Here, the intervening judicial decision exception applies because there was a change in the controlling law on the use of zeroing.

For nearly the entire administrative review, the legality of the Department's use of zeroing in administrative reviews was settled, the Court of Appeals repeatedly having upheld the Department's use of zeroing in administrative reviews as a reasonable statutory interpretation entitled to deference.  *See*, *e.g.*, *SKF USA Inc. v. United States*, 630 F.3d 1365, 1373-74 (Fed. Cir. 2011); *Corus Staal*, 502 F.3d at 1375; *Timken Co. v. United States*, 354 F.3d 1334, 1342

(Fed. Cir. 2004). But on March 31, 2011, thirteen days before the *Final Results* were issued, the Court of Appeals decided *Dongbu Steel Co. v. United States*, 635 F.3d 1363 (Fed. Cir. 2011) ("*Dongbu*"), in which, for the first time, it declined to affirm a judgment of this Court sustaining the Department's use of zeroing in an administrative review of an antidumping order, remanding for Commerce to explain its inconsistent interpretations of 19 U.S.C. § 1677(35). The Court of Appeals reasoned that while Commerce has discretion to interpret the statute with respect to zeroing, "[this] discretion is not absolute" and that "[i]n the absence of sufficient reasons for interpreting the same statutory provision inconsistently, the Department's action is arbitrary." *Dongbu*, 635 F.3d at 1371-73.

On June 29, 2011, approximately ten weeks after the *Final Results* were issued, the Court of Appeals reinforced its changed position on zeroing in *JTEKT Corp. v. United States*, 642 F.3d 1378 (Fed. Cir. 2011) ("*JTEKT*"). The Court of Appeals rejected the Department's reasoning, concluding that "[w]hile Commerce did point to differences between investigations and administrative reviews, it failed to address the relevant question — why is it a reasonable interpretation of the statute to zero in administrative reviews, but not in investigations?" *JTEKT*, 642 F.3d at 1384.

Defendant argues that the appellate decisions in *Dongbu* and *JTEKT* are not intervening judicial decisions that excuse plaintiffs' failure to exhaust because they did not change existing law on zeroing but merely remanded the Departmental decisions for explanation. Def.'s Opp'n 6. Defendant's argument is unconvincing. Contrary to defendant's characterization, these decisions effectively unsettled previously settled law, setting aside judgments of this Court affirming the use of zeroing in reviews despite the Department's having discontinued zeroing in antidumping investigations. Because the controlling law is now unsettled, the court deems it

appropriate to allow the Court of Appeals to address the issue in *Union Steel* before adjudicating plaintiffs' zeroing claim.

Although acknowledging that ordering a stay is a matter for the court's discretion, Def.'s Opp'n 1, defendant argues that a stay is not appropriate because plaintiffs cannot establish a "clear case of hardship or inequity in being required to go forward" with the litigation*, id.* at 7 (citing *Landis*, 299 U.S. at 255). Defendant misconstrues the applicable standard. A party moving for a stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays *will work damage to someone else*." *Landis*, 299 U.S. at 255 (emphasis added). Here, Defendant has not shown that a stay will cause it harm, and the court perceives no harm that would accrue to the defendant should a stay be ordered.

Further, defendant submits that ordering a stay would create a "significant administrative burden" for the court and the defendant, predicting a "deluge when all cases stayed pending *Union Steel* or other zeroing appeals become simultaneously ripe for adjudication." Def.'s Opp'n 9. The court is not persuaded that a stay will have such a result. To the contrary, a stay will streamline and simplify resolution of the zeroing issue, avoiding unnecessary remands and appeals.

Defendant also argues that a stay is inappropriate because there is not a strong likelihood that plaintiffs' position will prevail in *Union Steel*. *Id*. Defendant maintains that "[a]bsent a showing of irreparable harm, plaintiff must show a strong likelihood of success on the merits to be entitled to a stay, or interim relief, pending review." *Id*. (citing *Balouris v. United States Postal Serv.,* 277 F. App'x 980, 980 (Fed. Cir. 2008) (unpublished) (citations omitted)). Once again, defendant misconstrues the applicable standard. The principle on which defendant relies

refers to a plaintiff's burden to obtain a stay pending appeal.  The procedural posture of this case is not one in which there has been a final judgment, and thus the proposed stay is not one that is pending appeal.  Therefore, the court, when evaluating whether or not to stay this action, need not consider the likelihood that plaintiffs' challenge to zeroing will succeed.

Finally, plaintiffs argue for a partial stay of their zeroing claim.[5]  Pls.' Opp'n 6-9.  A partial stay, however, is not in the interest of judicial economy.  A partial stay may necessitate multiple decisions and separate remands on the zeroing and non-zeroing issues, which would delay and extend proceedings through piecemeal litigation and appellate reviews.  *See* USCIT R. 1.

In conclusion, the objections raised by plaintiffs and defendant do not persuade the court that a stay of this action should be avoided.

## **ORDER**

Upon consideration of the submissions filed by plaintiffs Papierfabrik August Koehler AG and Koehler America, Inc., defendant United States, and defendant-intervenor Appleton Papers Inc., and upon all other papers and proceedings herein, and upon due deliberation, it is hereby

**ORDERED** that this case be, and hereby is, stayed until 30 days after the final resolution of all appellate review proceedings in *Union Steel v. United States*, CAFC Court No. 2012-1248.

                                                                                        /s/ Timothy C. Stanceu
                                                                                        Timothy C. Stanceu
                                                                                        Judge

Dated: December 10, 2012
New York, New York

---

[5] Plaintiffs and defendant cite recent cases of this Court where, in similar situations, stays were not ordered.  Whether to order a stay, however, is a matter within the court's sound discretion.